UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**KEANU VACCARO**, individually and on behalf of others similarly situated,

              Plaintiff,

   v.

**CHIARI & ILECKI, LLP**, and **WESTERN NEW YORK FEDERAL CREDIT UNION**,

              Defendants.
_____

**CLASS ACTION COMPLAINT**

Civ. No.

Trial by Jury is Demanded

Plaintiff, KEANU VACCARO (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, individually and on behalf of others similarly situated, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against Defendants, CHIARI & ILECKI, LLP ("CHIARI") and WESTERN NEW YORK FEDERAL CREDIT UNION ("WNYFCU"), and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action for damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

1

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## PARTIES

5.      PLAINTIFF is a natural person residing in Rochester, New York.

6.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

7.      PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5) relating to a credit account.

8.      CHIARI is a law firm formed under the laws of New York, the principal purpose of whose business is the collection of debts, with a principal place of business at 1 Delaware Road, Suite 110, Buffalo, New York, 14217.

9.      WNYFCU is a federally chartered credit union with a principal place of business at 1937 Union Road, West Seneca, New York, 14224.

10.     Upon information and belief, CHIARI began collecting on PLAINTIFF's account after it had been placed in default.

11.     PLAINTIFF is informed and believes, and thereon alleges, that CHIARI regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another, that CHIARI's primary and sole business purpose is the collection of debts, and that CHIARI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

12.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 11 inclusive, above.

13.     On or about February 3, 2015, WNYFCU authorized CHIARI to file a lawsuit in Erie County Supreme Court seeking $5,256.67 from PLAINTIFF and his father, CHARLES

VACCARO, a true and correct copy of which is attached as **Exhibit 1**. *Western New York Federal Credit Union v. Vaccaro, et al.*, No. 801485/2015 (Sup. Ct. Erie County 2015).

14. On or about January 31, 2019, WNYFCU authorized CHIARI to file another lawsuit in Erie County Supreme Court on behalf of WNYFCU seeking $5,256.67 from PLAINTIFF, a true and correct copy of which is attached as **Exhibit 2**. *Western New York Federal Credit Union v. Vaccaro,* No. 801405/2015 (Sup. Ct. Erie County 2019).

15. PLAINTIFF is still a defendant in the February 3, 2015 Erie County Supreme Court action.

## CLASS ACTION ALLEGATIONS

16. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 15 inclusive, above.

17. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

   a. Class One: a class consisting of consumers who:

      i. Reside in New York; and

      ii. Within one year prior to the filing of this action;

      iii. Were sued by CHIARI twice for the same alleged debt.

18. PLAINTIFF does not know the exact size or identities of the class, as CHIARI maintains exclusive control of such information. PLAINTIFF believes that the class includes between 50 and 100 individuals whose identities can be readily determined from CHIARI's business records. Therefore, the proposed class is so numerous that joinder of all members is

impracticable.

19. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Whether CHIARI violated the FDCPA by suing PLAINTIFF twice on the same alleged debt; and

    b. The identities and number of individuals who were sued twice by CHIARI on the same alleged debt.

20. PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

21. Upon information and belief, CHIARI has a practice and policy of suing consumers twice on the same alleged debt.

22. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, DOUGLAS FIRM, P.C., focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Alexander J. Douglas, has substantial experience bringing FDCPA claims.

23. PLAINTIFF is committed to vigorously pursuing his claims.

24. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of

inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

25. A class action regarding the issues in this case does not create any problems of manageability.

26. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA**
**15 U.S.C. §§ 1692d, 1692e, e(2)(A), e(5), e(10), 1692f**
**BROUGHT BY PLAINTIFF INDIVIDUALLY**
**AND ON BEHALF OF THE CLASS**

27. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 26 inclusive, above.

28. "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

29. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

30. A debt collector may not misrepresent the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

31. A debt collector may not threaten to take any action that cannot legally be taken. 15 U.S.C. § 1692e(5).

32. A debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

33. "A debt collector may not use unfair or unconscionable means to collect or attempt

5

to collect any debt." 15 U.S.C. § 1692f.

34. On or about February 3, 2015, WNYFCU authorized CHIARI to file a lawsuit in Erie County Supreme Court seeking $5,256.67 from PLAINTIFF and his father, CHARLES VACCARO. Ex. 1. *Western New York Federal Credit Union v. Vaccaro, et al.*, No. 801485/2015 (Sup. Ct. Erie County 2015).

35. On or about January 31, 2019, WNYFCU authorized CHIARI to file another lawsuit in Erie County Supreme Court on behalf of WNYFCU seeking $5,256.67 from PLAINTIFF. Ex. 2. *Western New York Federal Credit Union v. Vaccaro,* No. 801405/2015 (Sup. Ct. Erie County 2019).

36. PLAINTIFF is still a defendant in the February 3, 2015 Erie County Supreme Court action.

37. By filing a second lawsuit on the same alleged debt, CHIARI engaged in conduct the natural consequence of which is to harass, oppress, or abuse PLAINTIFF, in violation of 15 U.S.C. § 1692d.

38. By filing a second lawsuit on the same alleged debt and thereby representing that that debt was owed twice, CHIARI used a false and misleading representation that would mislead the least sophisticated consumer, in violation of 15 U.S.C. § 1692e and 1692e(10).

39. This is a material misrepresentation that would influence the least sophisticated consumer's decision as to how to respond to the communication.

40. By falsely stating that the account was owed twice, CHIARI misrepresented the character, amount, and legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

41. By suing PLAINTIFF on the same account twice, CHIARI threatened to take an action that it was not legally permitted to take, in violation of 15 U.S.C. § 1692e(5).

42. By suing PLAINTIFF on the same account twice, CHIARI engaged in unfair and unconscionable behavior in the attempted collection of a debt, in violation of 15 U.S.C. § 1692f.

43. As a result of the FDCPA violations by CHIARI, PLAINTIFF is entitled to an award of statutory damages.

44. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

45. PLAINTIFF has suffered the concrete injury of being deprived of his right to not receive communications from debt collectors that contain material misrepresentations, and he therefore has standing for the purposes of Article III.

46. PLAINTIFF has suffered the additional concrete injury of hiring a lawyer to respond to the second state court lawsuit.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF N.Y. G.B.L. § 349
### BROUGHT BY PLAINTIFF INDIVIDUALLY

47. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 46 inclusive, above.

48. Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York are unlawful. N.Y. G.B.L. § 349(a).

49. On or about February 3, 2015, WNYFCU authorized CHIARI to file a lawsuit in Erie County Supreme Court seeking $5,256.67 from PLAINTIFF and his father, CHARLES VACCARO. Ex. 1. *Western New York Federal Credit Union v. Vaccaro, et al.*, No. 801485/2015 (Sup. Ct. Erie County 2015).

50. On or about January 31, 2019, WNYFCU authorized CHIARI to file another lawsuit in Erie County Supreme Court on behalf of WNYFCU seeking $5,256.67 from

PLAINTIFF. Ex. 2. *Western New York Federal Credit Union v. Vaccaro,* No. 801405/2015 (Sup. Ct. Erie County 2019).

51. PLAINTIFF is still a defendant in the February 3, 2015 Erie County Supreme Court action.

52. By authorizing CHIARI to file a second lawsuit on the same account, WNYFCU committed a deceptive act or practice in violation of N.Y. G.B.L. § 349(a).

53. These deceptive acts or practices impact the New York public at large.

54. Upon information and belief, WNYFCU is conducting a similar pattern of deceptive activity as to other consumers.

55. Upon information and belief, WNYFCU willfully or knowingly violated N.Y. G.B.L. § 349(a).

56. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and should recover reasonable attorneys' fees therefor.

57. PLAINTIFF has suffered the concrete injury of needing to hire an attorney to file an answer in the second action, and therefore has standing under Article III.

## DEMAND FOR JURY TRIAL

58. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and that judgment be entered against DEFENDANTS for the following:

(1) For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(2) For statutory damages awarded to the class, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of CHIARI;

(3) For actual damages;

(4) For certification of the class;

(5) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7) For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York
May 6, 2019

                    Respectfully Submitted,

                    **DOUGLAS FIRM, P.C.**

                    /s/ Alexander J. Douglas

ALEXANDER J. DOUGLAS
New York Bar No. 5343892
36 West Main Street, Ste 500
Rochester, NY  14614
Tel: (585) 568-2224
Fax: (585) 546-6185
alex@lawroc.com